USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/21/2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

10 Civ. 0177

KATHARINE ALLISON
Plaintiff,

-against-

WILLIAM B. ALLISON, ET. AL.
Defendants.

AFFIRMATION IN SUPPORT OF
MOTION FOR RECONSIDERATION
AND REINSTATEMENT OF
COMPLAINT

I, Katharine Allison, affirm under penalty of perjury that:

1. I, Katharine Allison, am the plaintiff in the above entitled action, and respectfully move this Court to Reconsider the Dismissal of Plaintiff's Complaint and to issue an Order Reinstating Plaintiff's Complaint.

2. The reason why I am entitled to the relief I seek is the following:

I am requesting, under Rule 60(b), for this Court to reconsider its decision of January 11, 2010, which dismissed Plaintiff Complaint for various reasons, as Plaintiff believes that this Court has misunderstood the issues Plaintiff is asking for this Court to address.

The questions Plaintiff is asking this Court to address in the Complaint are Constitutional issues and are issues which have not been presented to or decided upon by any Court in New York. Plaintiff is seeking relief from this Court for the deprivation of rights secured by the Constitution of the United States (Fifth and Fourteenth Amendments) and by Acts of Congress providing for equal rights or for the protection of Civil Rights (Civil Rights Act of 1871). Plaintiff is alleging that her Constitutional Rights, including, but not limited to, Due Process,

Equal Protection under the Laws and Civil Rights, have been violated, and is seeking to invoke the Supremacy Clause of the United States Constitution, Article VI, Clause 2. Plaintiff is seeking the protection of the United States Constitution and Federal Statutes, as the highest form of law in the American legal system, which mandate that State Judges uphold these protections.

Plaintiff is not asking this Court to review any aspect of the contents of the matrimonial action. Plaintiff is not asking for this Court to rule on the divorce, child support, financial issues or any issues which the Domestic Relations Laws of New York address. Nor is Plaintiff asking this Court to review any final Judgment of any Court in New York.

Plaintiff is alleging that since January 2001, the Defendants have intentionally and willfully engaged in specific, and intentional acts which violated New York State Laws and Rules (including Civil Practice and Penal), Rules of the Administrative Judge and the Courts. These Laws and Rules were created to protect litigants' Constitutional Rights to Due Process and by the failure of the Defendants to comply with these mandatory Laws and Rules, Plaintiff's Constitutional Rights to Due Process, equal protection of the laws and to access the Courts have been denied.

Plaintiff has continually and repeatedly asserted her Constitutional Rights to have her case adjudicated by a Constitutional Judge in a Constitutional Court. Plaintiff had attempted to assert her rights in the Courts of New York and with the Administration of the Courts of New York, and has been continually ignored. Plaintiff is now asking this Court to determine if the acts of the Defendant's and the failure of the Administrative Defendant's violated Plaintiff's Constitutionally protected Rights. Plaintiff has repeatedly and continually objected to the jurisdiction the quasi-judicial officers who presided over Plaintiff's case, and attempted to have specific violations addressed within venues available in the State.

2

Plaintiff has attempted to ask the lower Courts' in New York to address the issues of jurisdictional defects of the quasi-judicial officers who presided over Plaintiff's matrimonial action and has been unable to obtain a valid decision on these issues. Plaintiff has twice attempted to have the issues determined by the lower Courts and has twice received Constitutionally insufficient decisions as determined by the highest Court in New York, the New York State Court of Appeals. (Allison v Allison, Motion No: 905Slip Opinion No: 2006 NYSlipOp 77651 and Allison v Allison Motion No: 2009-598, Slip Opinion No: 2009 NY Slip Op 76654.)

Some of the facts which Plaintiff is asking for this Court to consider are:

1. On January 16, 2001 Judicial Hearing Officer ("JHO") Scancarelli, created a Court Order assigning the case to Acting Supreme Court Justice ("ASCJ") Shapiro. This "Order" created by JHO Scancarelli was, in fact, a forged Court Order as the JHO  signed this "Order" as an ASCJ (Exhibit 1) although she was at the time a JHO. Forging a Court Order is a felony in New York (§ 170.15 Forgery in the first degree.) This "Order" was created by the JHO,  to assign ASCJ Shapiro the case so that he would conduct a hearing for the purpose to then assign the case to her as a JHO. This forged document was with intent to defraud, deceive and injure.

This Document was known to be false by the attorneys and ASCJ Shapiro, as they had known the JHO for years and knew that she had reached the mandatory retirement age at the end of 2000 and had applied for, and did become a JHO. In  addition to acting upon the fraudulent document, the attorneys and ASCJ failed to follow the Rules of the Administrative Judge for the proper assignment of cases to Judges. (Uniform Rules for N.Y.S. Trial Courts (202.3 Individual assignment system; structure) and 22 NYCRR, "Assignments shall be made by the clerk of the court pursuant to a method of random selection authorized by the Chief Administrator." ;Rules of

the Chief Administrative Judge (also 22 NYCRR) 122.6(c)).

In addition, the JHO exceeded her authority by conducting trial dates for approximately sixteen dates where the Order of Reference limited her to two days. (Exhibit 2)

2. The Special Referee never obtained an Order from any Court of any Judge to conduct any proceedings, and without complying with any of the many New York State Laws and Rules, or Rules of the Administrative Judge or Rules of the Courts (CPLR Article 43, including 4311. Order of reference, Rule 4314. Successor referee; Rules of the Chief Administrative Judge (also 22 NYCRR) 122.6(c). When the JHO was no longer able to conduct proceedings, the attorneys and the Special Referee, without returning to Court as required, somehow got the Special Referee to conduct Judicial Proceedings. The Special Referee conducted Judicial Proceedings and entered a Judgment without ever obtaining authorization from any Court or any Judge and proceeded without ever having obtained an singed Order (Exhibit 3).

3. Plaintiff has attempted to have the Courts in New York State to Rule on the unsigned Order, but has been unable to get the lower Courts (Supreme and Appellate) to render a final determination in the case. Twice, the New York State Court of Appeals has ruled that the decisions of those Courts "... does not finally determine the action within the meaning of the Constitution." (Allison v Allison, Motion No: 905Slip Opinion No: 2006 NYSlipOp 77651 and Allison v Allison Motion No: 2009-598, Slip Opinion No: 2009 NY Slip Op 76654.)

Plaintiff believes that the two Decisions by New York State's Court of Appeals show that there are no final determination to the issues Plaintiff has been attempting to have the lower Courts address, thus there would be no conflict for this Court to consider even those issues Plaintiff has attempted to obtain decisions on by New York Courts. However, Plaintiff believes that this Court would have jurisdiction anyway since Plaintiff is alleging a violation of Federally

4

protected Constitutional Rights by being forced to proceed before these quasi-judicial officers who never obtain jurisdiction as required by Law and Rules of the State and the Courts. Also, Plaintiff is alleging that the Laws and Rules used by the quasi-judicial officers and ASCJs are unconstitutional.

4. The Constitution of the State of New York does not authorize any quasi-judicial position to conduct any aspect of Judicial function and only authorizes the position of an elected judge to perform this function . (NYS Constitution (Article VI, §§4, 6, 7).

The State Constitution is very specific as to the establishment of Courts in the State, their jurisdiction and who is allowed to preside in the Courts.

5. The Constitution of the State of New York does not authorize the position of ASCJ as currently used in the State Courts and restricts the use of appointed judges.

Plaintiff is alleging that her Constitutional Rights and protections were violated intentionally and wilfully by the Defendants named in the Complaint. The Defendants acted in absence and in excess of jurisdiction and violated Laws and Rules of the State of New York and Rules of the Administrative Judge and the Courts. Defendants acted under Color of Law to deny Plaintiff her rights and did so individually and in conspiracy with each other. Each Defendant has a legal and ethical obligation to have complied with the Laws and Rules and had been specifically notified by Plaintiff that she was seeking the protection of her rights. The facts and evidence which Plaintiff can present to the Court will substantiate Plaintiff's claims.

Jurisdictional Challenge to Specific Quasi-Judicial Officers

Plaintiff alleges that these specific quasi-judicial officers never obtained jurisdiction as required by the Laws and Rules of New York State or the Rules of the Administrative Judge and Trial Courts. Plaintiff alleges that(in addition to the fraudulent Order created by the JHO) these

5

quasi-judicial officer violated New York by Civil Practice Law and Rules ("CPLR") Article 43 and New York Code, Rules and Regulations ("NYCRR")

Under the Uniform Rules for N.Y.S. Trial Courts (202.3 Individual assignment system; structure) and 22 NYCRR, "Assignments shall be made by the clerk of the court pursuant to a method of random selection authorized by the Chief Administrator." Also, the Rules of the Chief Administrative Judge (also 22 NYCRR) 122.6(c); ("The reference of a matter to a judicial hearing officer and the assignment thereto of the judicial hearing officer shall be in writing. The reference shall indicate the issues referred to such judicial hearing officer and set forth whether the judicial hearing officer is to hear and determine or hear and report or otherwise act in respect to the matter.), requires that any quasi-judicial officer be assigned by the Administrative Judge for that District. Plaintiff alleges that due to the fraudulent "Order" created by the JHO and the violation of the Administrative Judges Rules, Rules of the Trial Courts and NYCRR, ASCJ Shapiro never was lawfully assigned the case, therefore, never obtained jurisdiction, and the JHO never was lawfully assigned.

In addition to this jurisdictional defect in obtaining referral of the case originally, the Order of Reference that the ASCJ did create specifically limited the JHO to two days of trial. Both CPLR (Rule 4311. Order of reference...It may specify or limit the powers of the referee and the time for the filing of his report and may fix a time and place for the hearing.) and Rules of the Administrative Judge (including 22 NYCRR) 122.6 Assignments (c) The reference of a matter to a judicial hearing officer and the assignment thereto of the judicial hearing officer shall be in writing. The reference shall indicate the issues referred to such judicial hearing officer and set forth whether the judicial hearing officer is to hear and determine or hear and report or otherwise act in respect to the matter.) By exceeding the Order of Reference the JHO acted in excess of her

jurisdiction.

The CPLR covers the procedures which are required when a quasi-judicial officer is unable to fulfill their Order of Reference. Under CPLR Rule 4314. Successor referee, it is the Court's responsibility to determine how the proceeding are to continue (the court may designate a successor referee, unless a stipulation upon which the order of reference is based expressly provides otherwise.) New York State CPLR also specifically prohibits parties in matrimonial actions from selecting a quasi-judicial officer to conduct proceedings (CPLR §4317. When reference to determine may be used. (a) Leave of court and designation by it of the referee is required for references in matrimonial actions;") ( These Laws are in addition to the Laws and Rules which are required to assign any quasi-judicial officer (Rules of the Administrative Judge (including 22 NYCRR) 122.6 (c) Assignments.

Plaintiff is alleging that the original quasi-judicial officer, the Judicial Hearing Officer ("JHO") created a fraudulent Order in January 16, 2001, by creating an "Order" assigning to Acting Supreme Court Justice ("ASCJ") Shapiro to conduct a hearing for the purpose of assigning her as the JHO on the case. The JHO signed that Order as an ASCJ, although she was, in fact, a JHO at that time )New York State Penal Law § 170.00 Forgery, Article 210 - Perjury and Related Offenses, 210.45 - Making a punishable false written statement. ). Additionally, a Judge has no authority to assign cases to any Court or any Judge

## CONSTITUTIONAL ISSUE

Plaintiff is challenging the Constitutionality of the Statutes and Rules these quasi-judicial officers proceeded under. The Constitution of the State of New York does not authorize anyone other than an elected Judge to conduct any legal proceedings (Article VI, §§4, 6, 7 (sections which refer to the State Supreme Courts)). Plaintiff is also alleging that the position of Acting

Supreme Court Justice is unconstitutional as it is currently being used in the State.

The Judicial System of New York is completely established within the State Constitution under Article VI. It is the State Constitution which establishes the Courts, their Jurisdiction, locations, Judges, number of Judges and many other aspects of the Court system. There is no provision in the Constitution for the Legislature to establish any Court or to create any Judicial position.

The Administration of the State Courts has acknowledged this issue in their published material "A New Judicial Article for New York" the authors note that in the State Constitution:

> It spells out the jurisdiction of these courts, leaving little control in the legislature. It also goes into detail on the selection and qualifications of judges, and on their removal and retirement, as well as on the number and compensation of judges, and the administration of the court system.

The Court Administration also notes that, "New York's current judicial article is a very long one, running some 31 printed pages and requiring roughly 15,000 words to cover the same general topics as are covered in 500 words on one page in the constitution of the United States." And also notes that:

> "If the article is long, it means that little discretion is left to those who are to implement the provisions. A short article allows much more discretion in implementation, which can be left to the legislature, to the courts, or even to an administrative body."

The United States Supreme Court has recently addressed New York's method of selecting Judges in New York State Board of Elections v. Torres, 128 S.Ct. 791, 552 U.S. 196, 169 L.Ed.2d 665 (U.S. 01/16/2008).

In addition to not being authorized by the State Constitution, New York State Law does not create the position such quasi-judicial officers as Referee, Special Referee, Magistrate, or any other similarly titled position (whereas, Congress created the position of Magistrate Judge under

28 U.S.C. § 631, which conforms to the United States Constitution).

The only time the position of "Referee" was ever permitted in New York, occurred when the State Constitution was amended in 1938 and the position of "Official Referee" was created. This position was created for the sole purpose to allow Judges who had reached the mandatory retirement age to continue to serve as Judges in the Courts. When this position was created by the Constitution, the Legislature also created this position. But in the 1960s when the State Constitution was amended, this position was completely eliminated and the State Laws were amended to reflect this change.

The position of "Acting Supreme Court Justice" is not Constitutional as it is currently being used by the Court Administration. The Constitution specifies when and how a temporary Judge may be assigned to another Court. The Court Administration has exceeded the limited authority the Constitution provides, and has effectively appointed Judges in violation of the Constitutional requirement that Judges be elected.

Since 1846 when the State's Constitution was amended to change the method of selecting Judges, the issue of how Judges are selected, if Referees are authorized, and even what a temporary assignment would be has been resolved by the citizens of the State. While the State Constitution has been amended numerous time, there has been no change in the method of electing Judges, no provision for quasi-judicial officers to conduct judicial proceedings or to allow for the appointment of Judges.

## Matrimony in New York State is a Civil Contract

Matrimony in New York State is a Civil Contract, and divorce is a matter of law, Plaintiff has no other option when ending a marriage than to access the Courts. The legislature of the State of New York has enacted comprehensive Domestic Relations Laws which are intended to

protect families. Since the State of New York requires Plaintiff to use the Courts to end a marriage and the underlying contract, Plaintiff should be guaranteed that her Civil and Constitutional Rights are being protected.

When Plaintiff had to access the Courts in her matrimonial action, she was in greater need of her Constitutional protections than others may have been. Not only does Plaintiff suffer from disabilities, but Plaintiff's then minor children each have disabilities which are serious, and at times, life threatening. In addition,  Plaintiff is the only person involved in any of the legal proceedings who was not legally trained nor was someone who had taken an oath of office to uphold the Constitutions and Laws of the United States and New York State. The legal proceedings which were conducted were always rushed and appeared incomplete. Despite Plaintiff's lack of knowledge, Plaintiff began questioning and requesting at the second Court appearance about having a real Judge conducting a trial. Plaintiff repeatedly made this request, both verbally and in witting, and never waived her right to a Constitutional Court or Constitutional Judge. Plaintiff has repeatedly questioned the procedures used and failure of the individuals involved to follow the Civil Procedure Law and Rules of the State of New York and the Rules of the Chief Administrative Judge in the litigation of plaintiff's matrimonial action. Plaintiff has repeatedly sought answers from the Courts and help and answers from the Court Administration, but has not received any response addressing these specific questions.

## ROOKER-FELDMAN/ANKENBRANDT

Plaintiff believes that the limitations of the Rooker/Feldman Doctrine do not apply for several reasons, the first being that the quasi-judicial officers never obtained jurisdiction as required and specified by Law and Rule. If the quasi-judicial officers did not obtain the required Jurisdiction, the original proceedings should be considered void. Plaintiff also alleges that the

Laws and Rules which have been used as authority for the quasi-judicial officers is

unconstitutional and that the position of ASCJ is unconstitutional as it is currently being used.

Plaintiff also alleges that the decisions by the lower Courts in New York have not finally

determined the issue of the Jurisdiction of the quasi-judicial officers, and finally, Plaintiff has not

asked the New York State Courts to determine if Plaintiff's Constitutional Rights have been

violated by the acts of the individuals named in Plaintiff's Complaint.

Plaintiff is not asking this court to address any part of the decision of the Judgment issued

by the Special Referee in the Matrimonial action. Plaintiff is not seeking a review of the divorce,

children or financial issues. Plaintiff is asking this Court to rule on fundamental Constitutional

issues. Issues which every litigant in any court in the United States is entitled to regardless of the

subject matter before the Court.

The Rooker-Feldman doctrine is meant to apply to a direct review of state court decisions

and Plaintiff is not asking this Court to review any Decision made either in the State Supreme

Court or Appellate Court. However, Plaintiff is asserting that the decision by the Special Referee

is void ab inito as he lacked jurisdiction to conduct any proceedings, and the decisions by the

Appellate Court and additional decisions by the ASCJ Scarpino, were not final decisions as has

already been decided by the highest court in New York State, the Court of Appeals. The Court of

Appeals has twice determined that those decisions are not final as defined and required by the

State's Constitution (Allison v Allison, Motion No: 905Slip Opinion No: 2006 NYSlipOp 77651

and Allison v Allison Motion No: 2009-598, Slip Opinion No: 2009 NY Slip Op 76654.

## AVAILIBILITY OF IMMUNITY

Plaintiff, in her complaint, is alleging that her Federally protected Rights have been

violated by state actors acting under color of law. Plaintiff is alleging that not only did these state

actors act under color of law, but these individuals including quasi-judicial officers, ASCJs, Administrative officers and other employees of the Courts engaged in acts which were an of abuse of office, that they did not act in "good faith" and are individuals who "knew or should have known" of the constitutionally violative effect of their actions and that they certainly "reasonably have been expected" to know what they were doing (Harlow et al. v. Fitzgerald, 102 S. Ct. 2727, 457 U.S. 800 (U.S. 06/24/1982)). The Defendant's named in this Complaint were not just ordinary employees of the State, but were individuals who accepted the responsibility of Administering Justice and protecting the Constitutional Rights of the Citizens of New York. In addition to their education, experience and obligation to their Oaths of Office,  Plaintiff specifically and repeatedly put them each on notice that she was asking them protect her Constitutional Rights.

Plaintiff had a reasonable expectation that her concerns, questions and requests would be at least responded to by the Court's Administrators, and not ignored as they were. Defendant's did not even make a minimal effort to respond to Plaintiff's concerns. Plaintiff is alleging that Defendant's not only failed to take any steps to protect Plaintiff's rights, but have acted in a manner which indicates that they did, and have continued to, conspire to deny Plaintiff her Constitutional Rights.

Plaintiff alleges that the quasi-judicial officers acted in clear absence of jurisdiction and that the ASCJs are not positions that are Constitutionally authorized as currently used ("a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Mireles v. Waco, 502 U.S. at 11-12, 112 S. Ct. at 288.")

As for Administrators and administrative employees of the Courts, at the minimum, Plaintiff believes that they can be sued in their Official capacities for injunctive relief (Ex parte

Young, like Sterling v. Constantin, 287 U.S. 378 (1932)), and in their individual capacities for

monetary relief for their intentional acts in denying Plaintiff Federally protected rights.

However, since Ex parte Young, 209 U.S. 123 (1908), it has been settled that the Eleventh

Amendment provides no shield for a state official confronted by a claim that he had deprived

another of a federal right under the color of state law. Ex parte Young teaches that when a state

officer acts under a state law in a manner violative of the Federal Constitution, he "comes into

conflict with the superior authority of that Constitution, and he is in that case stripped of his

official or representative character and is subjected in his person to the consequences of his

individual conduct. The State has no power to impart to him any immunity from responsibility to

the supreme authority of the United States." Id., at 159-160. (Scheuer v. Rhodes, 94 S. Ct. 1683,

416 U.S. 232 (U.S. 04/17/1974).)

> That decision also states:

> Whether or not the Administrators and administrative employees of the Courts
> are entitled to immunity, and what type of immunity, is a matter to be determined
> by evaluating the circumstances and evidence of the issues. ("If the immunity of a
> member of the executive branch is absolute and comprehensive as to all acts
> allegedly performed within the scope of official duty, the Court of Appeals was
> correct; if, on the other hand, the immunity is not absolute but rather one that is
> qualified or limited, an executive officer may or may not be subject to liability
> depending on all the circumstances that may be revealed by evidence."

> In addition, New York State Public Officers Law, not only does not provide immunity for

Public Officer, but makes them personally liable when they fail to perform their jobs. The law

states:

> § 72-a. Penalty of officer for failure to execute mandate and make return. An
> officer who fails to execute a mandate according to its command and make a
> return thereon of his proceedings is liable to the party aggrieved for the damages
> sustained by him, in addition to any other punishment or proceeding authorized
> by law.

Thus, the employees of the Courts are not immune from lawsuits if they fail to perform their State jobs and to comply with their Oaths of Office.

**Private Parties/Attorneys**

In Plaintiff's allegations violations of Constitutionally protected rights the Federal Statutes which protect these rights does not contain language would impose a limit on those Fourteenth Amendment violations that may be redressed (Lugar v. Edmondson Oil Co., 102 S. Ct. 2744, 457 U.S. 922 (U.S. 06/25/1982)). There have been numerous decisions by the Supreme Court which have established that private parties and attorneys can all be individuals who are liable for violations of these protected rights. In addressing this issue, the Supreme Court in Patterson v. McLean Credit Union, 109 S. Ct. 2363, 491 U.S. 164 (U.S. 06/15/1989), cites numerous cases where they have determined that "Since deciding Runyon, we have upon a number of occasions treated as settled law its interpretation of § 1981 as extending to private discrimination."

The Supreme Court has also determined that private parties can also violate protected rights by discriminating against individuals of the same race, Saint Francis College, et al  v. Al-Khazraji, 107 S. Ct. 2022, 481 U.S. 604 (U.S. 05/18/1987). The ability of attorneys to violate Constitutionally protected rights has been acknowledged by the Court in Wyatt v. Cole, 504 U.S. 158, 112 S.Ct. 1827 (U.S. 05/18/92) ("With respect to Robbins, the court noted that while an action taken by an attorney in representing a client does not normally constitute an act under color of state law . . . an attorney is still a person who may conspire to act under color of state law in depriving another of secured rights.") The Court simply stated that:

> "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." Ibid. Second, the private party must have acted together

14

with or . . . obtained significant aid from state officials" or engaged in conduct otherwise chargeable to the State."

The Supreme Court also ruled in Lugar v. Edmondson Oil Co.:

Private persons, jointly engaged with state officials in the prohibited action, are acting "under color" of law for purposes of the statute. To act "under color" of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents,'" quoting United States v. Price, 383 U.S., at 794.
42 U.S.C. § 1981

Plaintiff is seeking protection of Civil Rights under 42 U.S.C. § 1981 for the full and equal benefit of all laws and proceedings for the termination of the "civil contract" of marriage in New York and to have those rights protected against impairment by "nongovernmental discrimination and impairment under color of State Law." Plaintiff rights under this Code are protected as the Code applies to "All persons within the jurisdiction of the United States."  The Supreme Court in Saint Francis College, et al.. v. Al-Khazraji, 107 S. Ct. 2022, 481 U.S. 604 (U.S. 05/18/1987) address' the issue of "race" in applying § 1981 and notes that this limitation had previously been rejected and confirmed that discrimination is not limited to the issue of race.

## 42 U.S.C. . § 1983

### As against court officials

Plaintiff's alleges that the quasi-judicial officers and Acting Supreme Court Justices acted in absence and excess of jurisdiction. The original Judicial Hearing Officer issued a fraudulent "Order" by creating and signing an "Order" as a Judge, referring the case to ASCJ Shapiro, when she was not a Judge but a JHO. ASCJ Shapiro in violation of Civil Law and Procedure and Rules of the Court Administration, conducted a hearing based upon this fraudulent "Order." The JHO then conducted trial dates for approximately 16 days, in excess of the Order of Reference which

specified that the JHO only was authorized for two days of trial.

The Special Referee took the case, without ever having been authorized by any Court or any Judge, and in violation of New York State Laws and Procedures and the Rules of the Administrative Judge, conducted trial proceedings.

Plaintiff alleges that the position of Acting Supreme Court Justice is not constitutional as it is being applied by the Court of New York, thus these individuals would have proceeded without jurisdiction.

Plaintiff has made continual and repeated attempts to have her Constitutional Rights protected by the Administration of the Courts of New York. Plaintiff has repeatedly and continually made requests of Court Administration personnel to address the misconduct by Court personnel, as they are required to do by State Law and Rules and the Rules of the Administrative Judge. Plaintiff has specifically requested of each state actor to protect plaintiff's constitutional rights, and has been repeatedly and continuously ignored. This availability of immunity is not a blanket rights. The Supreme Court has issued numerous decisions including and quoting from Procunier v. Navarette, 98 S. Ct. 855, 434 U.S. 555 (U.S. 02/22/1978)

"if the official 'knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights'" Officials "will not be shielded from liability if he acts "with such disregard of the [plaintiff's] clearly established constitutional rights that his action cannot reasonably be characterized as being in good faith."

The United States Supreme Court in Wyatt v. Cole, 504 U.S. 158, 112 S.Ct. 1827 (U.S. 05/18/92) stated that; "Title 42 U.S.C. § 1983 provides a cause of action against every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution

and laws . . . ." The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. Carey v. Piphus , 435 U.S. 247, 254-257 (1978).

In Lugar v. Edmondson Oil Co., 102 S. Ct. 2744, 457 U.S. 922 (U.S. 06/25/1982), the Supreme Court citing the  Fourteenth Amendment of the Constitution says that this Amendment "is directed at the States, it can be violated only by conduct that may be fairly characterized as "state action." and it is under  Title 42 U. S. C. § 1983 provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . ."

Wyatt v. Cole, 504 U.S. 158, 112 S.Ct. 1827 (U.S. 05/18/92) goes on to state "First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." ... Second, the private party must have acted together with or . . . obtained significant aid from state officials" or engaged in conduct otherwise chargeable to the State."

## 42 U.S.C. 1985(3)

Plaintiff alleges a conspiracy to deny her Constitutionally protect rights by each and all individuals named in this complaint. Plaintiff has repeatedly sought to have her Constitution right to proceed before a Constitutional Judge in a Constitutional Court and asked each for the protections of Laws of the State. Plaintiff has asked each individual named to protect her rights. During the litigation the Defendants did not act in isolation, but worked and conspired with each other at various times, but also in continuous pattern which was intended to deny Plaintiff her Constitutional rights. The alleged conspiratory acts took place both in and out of Court, in the

presence of Plaintiff, before others and behind closed doors.

The conspiracy to deny Plaintiff her Constitutional rights continues to this day. Plaintiff has now obtained clear evidence of the ongoing conspiracy to deny her her Constitutional rights. Because of the nature of the conspiracy, it's ongoing nature and the damage that has been done and the danger that Plaintiff has been placed in due to the acts of the Conspirators, Plaintiff is seeking a trial on all allegations in the complaint Plaintiff has filed with the Federal Courts.

Plaintiff is specifically alleging Defendants named in the Complaint engaged in acts which each knew were violations of Plaintiff's Constitutional Rights and individually and with each other engaged in acts which were intended to cover and facilitate the violation of Plaintiff's Constitutional Rights. Such acts and violations were known to each Defendant who freely and willingly facilitated the conspiracy. The conspiracy in which the Defendant's engages in was for the purpose of depriving Plaintiff directly and indirectly, equal protection of the laws, engaged in acts which were intended to and did further the conspiracy, whereby Plaintiff was injured in her person and property and deprived of rights and privileges of citizens of the United States.

Among Plaintiff's factual basis for the existence of a conspiracy to deny her Constitutional Rights include the fraudulent Order the JHO originally created which each and every officer of the Court knew and should have known was fraudulent for the reasons stated previously in addition to the fact that each and every officer of the Court  personally knew the JHO and knew that she was not a Judge. Each and every officer of the Court knew that the Special Referee never obtained jurisdiction, as Plaintiff had repeatedly challenged the matter. The Administrators of the Court also knew that the JHO and Special Referee never obtain jurisdiction as Plaintiff has repeatedly notified them. In addition to these acts, the officers of the Court have also engaged in other acts intended to further the conspiracy to deny Plaintiff her

**Constitutional Rights.**

**42 U.S.C. 1986**

Plaintiff is not an attorney and has no legal training. Plaintiff is disabled and Plaintiff's disabilities have been severely adversely effected by the acts of the defendants named in this complaint. Plaintiff has attempted to learn what her rights are and where those rights are given and how they are protected, to determine who is responsible for protecting those rights, and what Plaintiff needs to do to assert those rights. Plaintiff is given rights through the Constitutions of the State of New York and the United States, the Laws and Rules of the State of New York and the United States, and Rules and Procedures established by the Courts of New York. Plaintiff has attempted to follow all the Laws and Rules that have been created to protect her rights. Plaintiff has contacted all persons named in this Complaint personally, by phone and in writing. In addition to those individuals named in this complaint, Plaintiff has been in touch with many more individuals in the Court system in her attempts to obtain her Constitutional rights.

The individuals named in this complaint have all been put on notice of Plaintiff's allegations of violations of her Constitutional rights. The individuals have individually and in conspiracy with each other, acted to continue to violate Plaintiff's Constitutional rights. The nature of conspiracies not to make it known that there is one, but Plaintiff has obtained some documents which show that illegal acts have been committed as well as documents which show that the Court Administrators are intentionally acting to deny Plaintiff her Constitutional Rights.

**ADA CLAIMS**

Plaintiff is a qualified individual with a disability and is known as a person who has disabilities. Plaintiff qualifies under more than one disability which Plaintiff has had a documented history. The Courts also have had evidence and notice of Plaintiff's disabilities

including documents from Plaintiff's treating physicians, statements and testimony from Plaintiff and Counsel, and evidence of Plaintiff's hospitalizations as a result of disabilities. Plaintiff has specifically and repeatedly put the Courts and Defendant's on notice of Plaintiff's disabilities and has repeatedly and continually requested accommodations. As the result of Plaintiff's disabilities, Plaintiff has been denied the benefits of and access to the Courts and the state actors have failed provided accommodations despite Plaintiff having made repeated and extraordinary attempts to obtain accommodations.

The United States Supreme Court in Tennessee v. Lane, 124 S.Ct. 1978, 541 U.S. 509, 158 L.Ed.2d 820, 15 A.D. Cases 865 (U.S. 05/17/2004), addressed whether Congress has constitutionally abrogated a State's Eleventh Amendment immunity when it comes to the requirement that State court's not violate of Title II of the Americans with Disabilities Act of 1990 (ADA) The Court "Held: As it applies to the class of cases implicating the fundamental right of access to the courts, Title II constitutes a valid exercise of Congress' authority under §5 of the Fourteenth Amendment to enforce that Amendment's substantive guarantees. Pp. 4-23."

It further examined whether Congress has constitutionally abrogated a State's Eleventh Amendment immunity which "requires resolution of two predicate questions: (1) whether Congress unequivocally expressed its intent to abrogate; and (2), if so, whether it acted pursuant to a valid grant of constitutional authority.Kimel v. Florida Bd. of Regents, 528 U. S. 62, 73"

The Supreme Court determined that:

The first question is easily answered here, since the ADA specifically provides for abrogation. See §12202. With regard to the second question, Congress can abrogate state sovereign immunity pursuant to a valid exercise of its power under §5 of the Fourteenth Amendment. E.g., Fitzpatrick v. Bitzer, 427 U. S. 445, 456. That power is not, however, unlimited.

According to the Supreme Court's Decision Tennessee v. Lane, not only are the state

actors, including court employees and private parties who acted under color of law, denied

Plaintiff her Constitutional civil rights, but the State of New York is not immune from liability

for the violation of Plaintiff's rights as protected by the ADA.

## MERITLESS

Plaintiff has made a good faith effort to construct this Motion for Reconsideration of

Plaintiff's Complaint so that this Court can understands what has been occurring, who has been

involved and what Federally protected rights Plaintiff is alleging have been denied, how, and by

whom. Plaintiff attempted to assert her protected rights through the channels which were set-up

by the Legislature and Court to address complaints. Plaintiff has repeatedly attempted to resolve

the problems at the local and State level and is only turning to the Federal Court as the Federal

Constitution is the ultimate authority to protect Plaintiff's basic Constitutional rights after been

repeatedly and continually ignored within the framework set-up by the State.

Plaintiff is aware that it was an error to name the State of New York in Plaintiff's original

attempt to assert her Constitutional Rights which Plaintiff is alleging have been violated by the

actions of the Defendant's now named. Plaintiff is asking this Court to address certain specific

issues in this Complaint which have effectively denied Plaintiff protections guaranteed in the

United States Constitution and further protected by the laws enacted by Congress.

Despite the error Plaintiff made in her previous attempt to access this Court, there are

certain facts which are not in dispute and matters that have never been determined by the New

York Courts.

## Reconsideration

Plaintiff is seeking this Court to address the Constitutional issues which Plaintiff believes

shows that her Federally protected rights were violated by the Defendant's listed in the Complaint

filed by Plaintiff. Plaintiff believes that there is clear evidence that the Defendant's failed to comply with the Laws and Rules of the State of New York and the Rules of the Courts of New York, conducted unauthorized and unconstitutional legal proceedings, failed to protect Plaintiff's Constitutional Rights, acted individually and in conspiracy with each other to deny Plaintiff's Constitutional Rights, abused their power, acted in bad faith, violated their Oaths of Office while acting under Color of Law.

Plaintiff was entitled to have her original action in the Courts of the State of New York adjudicated by a Constitutional Judge in a Constitutional Court. Plaintiff repeatedly and continually objected to the proceedings and made those objections on the Court's record, in writing to the Court Administration and verbally to each and every Defendant named in this Complaint. Despite Plaintiff's attempts to protect her Constitutional Rights, Defendant ignored Plaintiff's requests and continued to frustrate her attempts to obtain her Federally protected rights. Each Defendant named in Plaintiff's complaint is a state actor or licensed or regulated by the State. Each Defendant has either taken an Oath of Office to uphold the Laws and Constitution of New York and the United States, or has assumed this obligation through State Law and Regulation. Plaintiff's has asserted her right to have her State Court action adjudicated by a Constitutional Judge in a Constitutional Court as established by the Constitution of the State of New York. Plaintiff has repeatedly and continually objected to proceeding before specific quasi-judicial officers who never obtained the required jurisdiction as mandated in the Laws of the State of New York or the Rules of the Courts of New York. Plaintiff is also alleging that the Constitution of the State of New York does not authorize anyone other than a Constitutional Judge, as provided for in the State Constitution, to preside over legal proceedings. Further, the position of Acting Supreme Court Justice, is also not authorized by the State Constitution as it is

22

currently used.

Plaintiff is not seeking review of the Judgment in the matrimonial action issued by the Special Referee, nor is she seeking to have the contents of the decisions issued by the Supreme Court, Appellate Court or the Court of Appeals reviewed. Plaintiff is asking this Court to determine if Plaintiff's Constitutional Rights have been protected, that she has received Due Process of Law, equal protection of the laws, and that her civil rights have been protected as guaranteed by the Constitution and Laws of both the State of New York and of the United States.

Plaintiff is not an attorney, and suffers from disabilities and thus not able to express the issues as concisely or as artfully as an attorney would be able to do, and has clearly made procedural errors. However, Plaintiff has made good faith efforts to follow the Laws and the Rules of both the State Courts and of the Federal Courts. Plaintiff has made a good faith effort to correct the error in her previous Complaint and to more clearly and specifically explain what acts occurred and identify the state actors and other individuals involved in the litigation which denied Plaintiff her Federally protected rights.

Plaintiff is asking this Court to liberally construe the issues contained in the Complaint and to draw a reasonable inference from Plaintiff's allegations that Plaintiff has a plausible claim against Defendants (Bell Atlantic Corporation v. Twombly, 127 S.Ct. 1955, 550 U.S. 544, 167 L.Ed.2d 929 (U.S. 05/21/2007) Plaintiff is requesting of this Court the opportunity to present her complaint and evidence, and is asking this Court to construe the pleadings liberally (Bell Atlantic Corporation v. Twombly, 127 S.Ct. 1955, 550 U.S. 544, 167 L.Ed.2d 929 (U.S. 05/21/2007)) and consider the intent of the Civil Rights laws that have been enacted to protect citizens against the kinds of acts which Plaintiff has subjected to by the individuals named in her Complaint.

Plaintiff is seeking her day in Court to have a lawful and Constitutional Court and

Constitutional Judge look at the facts and apply the Laws, and determine if Plaintiff's Federal

Constitutional Rights have been protected. Plaintiff has not been able to get a straight answer

from any Court in New York, and is only seeking help from the Federal Court as a last resort.

The Supreme Court in Estelle  v. Gamble, 97 S. Ct. 285, 429 U.S. 97 (U.S. 11/30/1976), has

addressed this issue and stated that it; " Admittedly, it is tempting to eliminate the meritless

complaint at the pleading stage."  Then further cites the decision from the Unites States Court of

Appeals for the Second Circuit, Dioguardi v. Durning, 139 F.2d 774 (2nd Cir. 01/03/1944)

"Unfortunately, this "is another instance of judicial haste which in the long run makes waste,"

Which was subsequently  cited in Haines v. Kerner, 404 U.S. 519 (1972) and more recently in,

Bell Atlantic Corporation v. Twombly, 127 S.Ct. 1955, 550 U.S. 544, 167 L.Ed.2d 929 (U.S.

05/21/2007)

Plaintiff is asking this Court to reconsider it's Decision of January 11, 2010, including the

warning determining that Plaintiff's complaint is meritless and reinstate Plaintiff's Complaint.

WHEREFORE, I respectfully request that the Court grant this motion, as well as such

other and further relief as may be just and proper.

I declare under penalty of perjury that the foregoing is true and correct.


Dated: _n y   n Y_ ,
    (city and state)

_4/21/10_
date

Signature _Katharine Allison_
    Katharine Allison
address: P.O. Box 2342
    New York, NY  10108
phone:  646-350-6887

"ORDER" FROM ASCJ SCANCARELLI ASSIGNING CASE TO ASCJ SI



RICHARD J DARONCO
WESTCHESTER COUNTY COURTHOUSE
111 Dr. Martin Luther King, Jr. Blvd
White Plains, New York 10601
(914) 285-3620

CHAMBERS OF
ADRIENNE H. SCANCARELLI
ACTING SUPREME COURT JUSTICE

CLIENT COPY

*January 16, 2001*

*Copies Faxed To:*

*Georgia Kramer, Esq.*

*Ronald Bavero, Esq.*

Re: *Allison vs Allison*

Index No.: *12159/00*

Dear Counselor:

Please be advised that the above-referenced action has been scheduled for a conference as follows:

Date: *2/5/01*

Time: *2:30 pm*

Place: 7ᵗʰ Floor - Room 702

Clients to be present.    *+ Conference To Be Held Before*
*Hon. Fred L. Shapiro, A.J.S.C.*
*Newly Assigned Judge.*

No adjournment will be granted for any reason.

If you have any questions relative to the case, please contact my Part-Clerk John Sulich, at (914) 285-4600.

Very truly yours,

ADRIENNE HOFMAN SCANCARELLI
Acting Justice Supreme Court

AHS:lb

^ 11    Exhibit 1

"ORDER OF REFERENCE" "NAMING" SCANCARELLI TO TRY CASE FOR
~~TWO DAYS~~

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

------------------------------------------------x

Katherine Allison

         Plaintiff

-against-

William B. Allison   Defendant

------------------------------------------------x

**CLIENT COPY**

STIPULATION

INDEX NO:  12159/00

ALL DISCOVERY HAVING BEEN COMPLETED, A NOTE OF ISSUE HAVING BEEN FILED, AND THIS CASE NOW BEING READY TO PROCEED TO TRIAL,

IT IS HEREBY STIPULATED AND AGREED by the attorneys for the respective parties in the above-entitled action(s) that this matter be referred to a Judicial Hearing Officer to hear and determine all issues.

The RELIEF SOUGHT and ISSUES TO BE RESOLVED are:

Grounds for Divorce / All Issues

ESTIMATED LENGTH OF TRIAL: 2 days

REQUESTED DATES: _____

**PRINT CLEARLY**

**NAME, ADDRESS, & PHONE NUMBER OF COUNSEL**

| PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|
| _(Signature)_ | _(Signature)_ | _(Signature)_ |
| Elliot Wiener _(Name)_ | Ronald J. Baveno _(Name)_ | _(Name)_ |
| 11 Martine Ave WP _(Address)_ | 123 Main St. W.P. _(Address)_ | _(Address)_ |
| 914-683-3505 _(Phone No.)_ | 914 997-7100 _(Phone No.)_ | _(Phone No.)_ |

IT IS HEREBY recommended that this case be referred to a Judicial Hearing Officer Scancarelli to hear and determine all issues.

DATED: __2/13/01__, New York

_____
        J.S.C

Hon Fred L. Shapiro

Exhibit 2

"UNSIGNED" "ORDER" CREATED BY ATTORNEYS NAMING REFEREE MONT...

SUPREME COURT STATE OF NEW YORK
COUNTY OF WESTCHESTER -- MATRIMONIAL PART
-----------------------------------------------------X

Catherine Allison
                        Plaintiff

        -against-

William B. Allison

                        Defendant.
-----------------------------------------------------X

SPECIAL REFEREE
ORDER and STIPULATION
INDEX # 12159/00

        IT IS HEREBY STIPULATED AND AGREED by the attorneys for the respective
parties in the above-entitled action, that this matter be referred to a Special Referee to HEAR
AND DETERMINE all issues:

        ISSUES: ___E.D._____
        LENGTH OF TRIAL: _____
        REQUESTED DATES: _____

FILED
SEP 8 - 2003
LEONARD N. SPANO
COUNTY CLERK
COUNTY OF WESTCHESTER

PLAINTIFF'S ATTORNEY          DEFENDANT'S ATTORNEY          LAW GUARDIAN

_____          _____          _____
     (Signature)                    (Signature)                    (Signature)

Joseph J. A Trengali          Ronald J. Bavero          _____
     (Name)                         (Name)                         (Name)

                              123 Main St White Plains
_____          _____          _____
     (Address)                      (Address)                      (Address)

                              (914) 997-7100
_____          _____          _____
   (Telephone No.)                (Telephone No.)                (Telephone No.)

        IT IS HEREBY recommended that this case be referred to ___X Special Referee James
Montagnino, Esq. or _____ Special Referee Irene Ratner, Esq. (SELECT ONE) to hear and
determine all issues   own upon Trial Braub & Pastry

                                        Hon. Fred L. Shapiro
                                        A.J.S.C.

Dated: June 23, 2003
        White Plains, New York          SO ORDERED: _____

                                        Francis A. Nicolai
                                        Administrative Judge

A-20

Exhibit 3